(No. 1724— )

HERBERT H. PRICE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 5, 1933.*

HERBERT H. PRICE, pro se.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant is asking an award against the State for $60.47 to reimburse him for loss sustained on account of the sale of two grade holstein cows infected with tuberculosis. The two grade holstein cows were tested by the State Veterinarian and found to be tubercular. On July 26, 1930 the two cows were condemned and claimant ordered to dispose of them within thirty days as the law provides. The animals were appraised at $215.00. On August 27, 1930 they were shipped to Chicago Producers Commission Association of Chicago, Illinois, and were slaughtered by the Guggenheim Brothers and brought $33.60, resulting in a loss of $181.40. The Bovine Tuberculosis Act, in force July 1, 1929, provides the State shall pay one-third of the difference between the appraised value of a tubercular animal and the proceeds of the sale of the salvage, not exceeding $70.00 for a purebred animal where the United States assists in the eradication of tuberculosis in cattle and two-thirds of such difference, not to exceed $140.00, for a purebred animal where the United States does not cooperate with the State in the eradication of that disease.

Section 8 of that Act provides: "No compensation shall be paid to any person for an animal condemned for tuberculosis, (4) if the owner retains the animal for more than thirty days after it has been adjudged infected with tuberculosis."

Cattle infected with a disease such as tuberculosis becomes a public nuisance and the State has the power, if deemed necessary to the public welfare to order their destruction without compensation to the owner. (*Durand* vs. *Dyson,* 271 Ill. 382; *Mayfield* vs. *State,* 5 Ct. Cl. 226.) And if the State sees fit to limit the amount of compensation it will pay the owner of property destroyed in the exercise of such power or to make payment of compensation contingent upon compliance by the owner with certain imposed conditions no one can question its authority to do so. Under the maxim "the safety of the people is the supreme law" the State had the right to order claimant's animals destroyed without paying him any compensation. Therefore, the statute is so plain it cannot be misunderstood. It provides compensation shall not be paid if the owner retains the animal more than thirty days after it has been adjudged infected. That is the law and this court has no power to change it nor to disregard it. The Legislature deemed thirty days ample time for owners of such diseased animals to dispose of them. There is certainly nothing in this record to show claimant could not have disposed of his cows within the time fixed by the statute. But be that as it may the statute is plain and mandatory and claimant not having complied with its provisions is not entitled to any award.

The demurrer is therefore sustained and the case dismissed.